```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

_____
                                    )
JACQUELINE TUCKER,                  )
                                    )
                Plaintiff,          )
        v.                          )       Civil Action
                                    )       No. 17-11909-PBS
U.S BANK, N.A. AS TRUSTEE FOR       )
CITIGROUP MORTGAGE LOAN TRUST,      )
INC., 2006-HE3, ASSET BACKED        )
PASS THROUGH CERTIFICATES, SERIES   )
2006-HE3, WELLS FARGO BANK, N.A.,   )
and SERVICELINK FIELD SERVICES      )
                                    )
                Defendants.         )
                                    )
_____)

## ORDER

November 20, 2017

Saris, C.J.

After hearing, this Court **ALLOWS** Defendant's motion to dissolve the ex parte injunction issued by the Massachusetts Superior Court on two grounds.

First, Defendant did not receive reasonable notice of the state court preliminary injunction hearing. See Mass. R. Civ. P. 65(b)(1)("No preliminary injunction shall be issued without notice to the adverse party."). The evidence reflects that Plaintiff's counsel notified counsel for the loan services of the hearing via email less than 24 hours before the hearing was scheduled. Defendant, who had not yet been served, did not have

a meaningful opportunity to appear and oppose the motion for a preliminary injunction.

Second, the Superior Court relied on the incorrect fact that U.S. Bank did not hold both the mortgage and the underlying mortgage note. Where an entity holds the mortgage through a valid written assignment and is the note holder, that entity has the legal authority to foreclose on the property. See U.S. Bank Nat'l. Ass'n v. Ibanez, 941 N.E.2d 40, 51 (Mass. 2011). U.S. Bank was both the assignee of the mortgage and the holder of the note. Plaintiff does not dispute that the factual basis for the state court injunction was incorrect. Although the plaintiff raises other arguments, they are unpersuasive in demonstrating a likelihood of success on the merits for the reasons stated in open court.

/s/ PATTI B. SARIS  
Patti B. Saris  
Chief United States District Judge