```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


_____
                                    )
JACQUELINE TUCKER,                  )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )      Civil Action
                                    )      No. 17-cv-11909-PBS
U.S. BANK, N.A. AS TRUSTEE FOR      )
CITIGROUP MORTGAGE LOAN TRUST,      )
INC., 2006-HE3, ASSET BACKED PASS-  )
THROUGH CERTIFICATES SERIES         )
2006-HE3; WELLS FARGO BANK, N.A.;   )
and SERVICELINK FIELD SERVICES,     )
                                    )
        Defendants.                 )
_____)
```

## MEMORANDUM AND ORDER

February 16, 2018

Saris, C.J.

### INTRODUCTION

This is a mortgage foreclosure case involving a summer home on Martha's Vineyard. Plaintiff Jacqueline Tucker brought this action in state court challenging the foreclosure on multiple grounds, most of which have been rejected multiple times by the governing caselaw. Defendants are U.S. Bank, N.A., as Trustee for Citigroup Mortgage Loan Trust, Inc., 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3 ("U.S. Bank, as Trustee"); Wells Fargo Bank, N.A. ("Wells Fargo"); and ServiceLink Field Services ("ServiceLink").

1

In Count I, Plaintiff seeks a declaratory judgment that U.S. Bank, as Trustee does not have the authority to foreclose on her property, pursuant to Mass. Gen. Laws ch. 244, § 14. Compl. ¶¶ 103-18. In Count II, Plaintiff alleges that the certification she received from her mortgage loan servicer, Wells Fargo, failed to comply with 209 Mass. Code Regs. 18.21A(2)(c), constituting a violation of Mass. Gen. Laws ch. 93A. Compl. ¶¶ 119-29. In Count III, Plaintiff asserts that U.S. Bank, as Trustee slandered the title of her property. Compl. ¶¶ 130-38. In Count IV, Plaintiff alleges that agents of Wells Fargo and ServiceLink trespassed onto and stole her property. Compl. ¶¶ 139-52.

After an *ex parte* hearing, the state Superior Court issued a preliminary injunction to prevent Defendants from executing a foreclosure auction sale of Plaintiff's property. Docket No. 1-4. Defendants U.S. Bank, as Trustee and Wells Fargo subsequently removed the case to this Court on the basis of diversity jurisdiction. They moved to dissolve the injunction and to dismiss Counts I-III of the complaint under Fed. R. Civ. P. 12(b)(6). In its November 20, 2017 order (Docket No. 14), this Court granted the motion to dissolve the injunction. The motion to dismiss is now before the Court.

After hearing, Defendants' motion to dismiss Counts I-III (Docket No. 6) is **ALLOWED**. Count IV is **REMANDED** to the state court for lack of subject-matter jurisdiction.

## FACTUAL BACKGROUND

The following facts are derived from the complaint, as well as documents, including official public records, referenced in and attached to the complaint. See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993) (holding that public records and other essential documents submitted by plaintiffs may be considered as part of the pleadings).

### I. The Note and Mortgage

On July 31, 2006, Plaintiff executed an adjustable rate promissory note and mortgage in the amount of $564,000 on her vacation home, located at 48 Narragansett Avenue, Oak Bluffs, Martha's Vineyard, Massachusetts. Compl. ¶¶ 1-2, 5-7. The original holder of both the note and the mortgage was Flagstar Bank, N.A. ("Flagstar"). Compl. ¶ 5.

The note was subsequently assigned to New Century Mortgage Corp. ("New Century"), which, in turn, endorsed the note in blank and without recourse. Compl. Ex. A, at 5. Both endorsements are undated.

Meanwhile, the mortgage was assigned by Flagstar to Mortgage Electronic Registration Systems, Inc. ("MERS"), on August 17, 2006. Compl. ¶ 10. On October 31, 2011, MERS, styling

itself "as nominee for Flagstar Bank, its successors and assigns," assigned the mortgage to U.S. Bank, as Trustee. Compl. Ex. E.

On June 19, 2013, MERS executed a Confirmatory Assignment of Mortgage to U.S. Bank, as Trustee. Compl. Ex. F. The Confirmatory Assignment avers that it "is being recorded to amend that Assignment dated 10/31/2011 . . . as that Assignment incorrectly shows the Assignor's name to be Mortgage Electronic Registration Systems, Inc., as nominee for Flagstar Bank, its successors and assigns, whereas it should show Mortgage Electronic Registration Systems, Inc." Compl. Ex. F.

**II. The Pooling and Servicing Agreement**

U.S. Bank, as trustee for the Citigroup Mortgage Loan Trust, Inc., 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3 (the "Trust"), was assigned Plaintiff's mortgage by MERS. The Trust is governed by a Pooling and Servicing Agreement ("PSA").[1] Compl. ¶ 52. The parties to the PSA are 1) Citigroup Mortgage Loan Trust, Inc., as Depositor; 2) U.S. Bank, as Trustee; 3) four different banks, including Wells Fargo, as Servicers; and 4) Citibank, N.A., as Trust Administrator. Compl.

---

[1] "PSAs are securitized trust agreements," Dyer v. U.S. Bank, N.A., 141 F. Supp. 3d 149, 154 (D. Mass. 2015), that establish terms, pursuant to which mortgage loans are pooled together into a trust to create mortgage-backed securities and subsequently managed, see BlackRock Fin. Mgmt. Inc. v. Segregated Account of AMBAC Assur. Corp., 673 F.3d 169, 173 (2d Cir. 2012).

4

Ex. G, at 4. The PSA was executed in 2006, five years before Plaintiff's mortgage was assigned to U.S. Bank, as Trustee. Compl. Ex. G, at 8. U.S. Bank, as Trustee holds the note.

### III. <u>Foreclosure</u>

Plaintiff began to miss mortgage payments in 2010, entering into a "Loan Modification Agreement" on November 29 of that year. Compl. ¶ 13. In August 2014, Defendants notified Plaintiff of their intention to foreclose on her property, though it appears that no action was immediately taken. Compl. ¶ 21. In 2015, Plaintiff filed for bankruptcy, a matter which was later dismissed. Compl. ¶¶ 22-23.

On August 14, 2017, Wells Fargo sent Plaintiff a Notice of Intention to Foreclose. Compl. Ex. D. The notice informed Plaintiff that her property would be sold on or after September 15, 2017. Attached to the letter were a copy of the endorsed note and a "Certification Pursuant to [209 Mass. Code Regs. 18.21A(2)(c)]." The certification recited that the loan was in default and provided a chart showing the chain of title of each recorded assignment.

### IV. <u>Trespass</u>

Beginning in 2010, Plaintiff alleges that agents of Wells Fargo and ServiceLink repeatedly broke into her property. Compl. ¶ 140. On March 10, 2010, the local police "detained and question [sic] one such intruder." Compl. ¶¶ 66, 142. During the

5

course of these break-ins, Plaintiff's personal belongings were damaged or stolen, amounting to an estimated $30,286.40 loss. Compl. ¶ 148; Docket No. 15 ¶ 5.

## LEGAL STANDARD

In analyzing a Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted," the Court accepts all well-pleaded facts in the complaint as true and draws reasonable inferences in favor of the plaintiffs. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). However, the Court does not presume the truth of conclusory allegations or "bare assertions" of law. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).

In order to survive dismissal, the plaintiff must have pleaded sufficient facts so as to make his claim for relief plausible. Id. at 678. This plausibility standard requires something substantially less than a showing of probability. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . ."). Plaintiffs must, however, show something more than that their claim is merely conceivable. See id. at 570.

## DISCUSSION

In Massachusetts, a title theory state, a mortgage is "a transfer of legal title in a property to secure a debt." U.S.

Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 51 (Mass. 2011). "Therefore, when a person borrows money to purchase a home and gives the bank a mortgage, the homeowner-mortgagor retains only equitable title in the home; the legal title is held by the mortgagee." Id. Upon payment of the note by the mortgagor, the mortgagee's interest in the property ends. Maglione v. BancBoston Mortg. Corp., 557 N.E.2d 756, 757 (Mass. App. Ct. 1990). A mortgage note refers to "the promissory note or other form of debt or obligation for which the mortgage provides security." Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1121 n.2 (Mass. 2012). A mortgage and its underlying note can be held by different persons. See id. at 1124. When the mortgage and note are separated, "the holder of the mortgage holds the mortgage in trust for the purchaser of the note, who has an equitable right to obtain an assignment of the mortgage, which may be accomplished by filing an action in court and obtaining an equitable order of assignment." Ibanez, 941 N.E.2d at 54.

A "mortgagee" can lawfully foreclose by power of sale in Massachusetts. Mass. Gen. Laws ch. 183, § 21; ch. 244, § 14. To do so, the "mortgagee" must hold both the mortgage and the "mortgage note," or act as the authorized agent of the note holder. Eaton, 969 N.E.2d at 1131.

## I. Count I – Declaratory Judgment

### A. MERS

Because Plaintiff's brief is rambling and frequently unintelligible, the Court relies on the complaint to understand the core claims. Plaintiff argues that the defendant, U.S. Bank, as Trustee, did not have the statutory power of sale pursuant to Mass. Gen. Laws ch. 244, § 14. The complaint and exhibits indicate that the Trustee held both the mortgage and the mortgage note prior to the notice of foreclosure.

Plaintiff appears to argue that MERS lacked authority to assign the mortgage to U.S. Bank, as Trustee, and therefore the assignment is void. MERS has the legal authority to hold and transfer title in Massachusetts. See Serra v. Quantum Servicing, Corp., 747 F.3d 37, 40 (1st Cir. 2014); Perreira v. Bank of N.Y. Mellon, No. 16-cv-11467, 2016 WL 6963032, at *2 (D. Mass. Nov. 28, 2016); Johnson v. Wilmington Trust, N.A., No. 16-cv-10422, 2016 WL 5109510, at *4 (D. Mass. Sept. 20, 2016); Lindsay v. Wells Fargo Bank, N.A., No. 12-cv-11714, 2013 WL 5010977, at *7-10 (D. Mass. Sept. 11, 2013). The First Circuit has rejected the argument that MERS must hold the beneficial interest in the loan to transfer the mortgage. See Hayden v. HSBC Bank USA, N.A., 867 F.3d 222, 223-24 (1st Cir. 2017) (citing Dyer v. Wells Fargo Bank, N.A., 841 F.3d 550, 553-54, 554 n.2 (1st Cir. 2016)); Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291-94 (1st

Cir. 2013). The mortgage and the note can and frequently do travel independently. See Culhane, 708 F.3d at 292 ("[T]he note and the mortgage . . . exist on separate planes . . . .").

Plaintiff may be arguing that the 2013 Confirmatory Assignment of the mortgage from MERS to U.S. Bank, as Trustee was invalid because it purported to confirm the 2011 assignment from MERS as "nominee" to U.S. Bank, as Trustee, which was itself invalid. Compl. ¶¶ 17-20. This argument fails. "Where the earlier assignment is not in recordable form or bears some defect, a written assignment . . . that confirms the earlier assignment may be properly recorded." Ibanez, 941 N.E.2d at 55. If MERS's erroneous identification of itself as "nominee" in 2011 is defective, the second assignment would constitute a valid correction of the first. See id. at 54-55. Even if the 2011 assignment from MERS "as nominee" rendered it void (rather than voidable), the title would have been effectively transferred to the assignee bank according to the terms of the 2013 confirmatory assignment. See Butler v. Deutsche Bank Trust Co. Ams., No. 12-cv-10337, 2012 WL 3518560, at *9 (D. Mass. Aug. 14, 2012), aff'd, 748 F.3d 28 (1st Cir. 2014).

### B. Violations of the Pooling and Servicing Agreement[2]

Plaintiff asserts in conclusory fashion that the assignments of her mortgage are somehow at odds with the terms of the PSA, an agreement to which she is not a party. Compl. ¶¶ 52-56. She has no standing to pursue it. A mortgagor in Massachusetts has standing to challenge a mortgage assignment that is void. Culhane, 708 F.3d at 291. She has no standing to challenge an assignment that is "merely voidable at the election of one party but otherwise effective to pass legal title." Id. Assignments that "disregard [the] trust's PSA" are voidable by a party to the PSA, but are not void *ab initio*. Butler v. Deutsche Bank Trust Co. Ams., 748 F.3d 28, 37 (1st Cir. 2014) (citing Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013)); accord Jepson v. HSBC Bank USA, N.A., No. 13-1364, 2014 U.S. App. LEXIS 24246, at *1-2 (1st Cir. June 23, 2014); Rosenberg v. Wells Fargo Bank N.A., 207 F. Supp. 3d 112, 114 (D. Mass. 2016).

### C. New Century's Bankruptcy

Lastly, Plaintiff alleges that New Century's bankruptcy disrupted the chain of ownership of the note. Compl. ¶¶ 26-33.

---

[2] Plaintiff asserts that the PSA is a Trust document, not a contract, and it is governed by New York state common law. Compl. ¶¶ 48-49. However, she does not develop that argument, and I do not understand it. See Butler, 748 F.3d at 36 (referring to a similar argument's "marked lack of coherence").

This argument has no merit and has been rejected previously. See Lindsay, 2013 WL 5010977, at *13. New Century endorsed the note in blank. Compl. Ex. A, at 5. Under Massachusetts law, "[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Mass. Gen. Laws ch. 106, § 3-205(b). There is no dispute that U.S. Bank, as Trustee now bears the note, which makes it a legal asset of the Trust. See Sampson v. U.S. Bank N.A., 115 F. Supp. 3d 191, 193-94 (D. Mass. 2015) (drawing the same conclusion where Washington Mutual endorsed a note in blank prior to its own receivership and bankruptcy).

## II. Count II – Violations of Certification Regulations

Count II alleges that the "Certification Pursuant to [209 Mass. Code Regs. 18.21A(2)(c)]," attached by Wells Fargo to the Notice of Intention to Foreclose, was inadequate. Compl. ¶¶ 119-29. Violations of Chapter 18 of Title 209 of the Code of Massachusetts Regulations are actionable as unfair or deceptive acts under Mass. Gen. Laws ch. 93A. 209 Mass. Code Regs. 18.22(1).

Plaintiff's claim is predicated on the alleged existence of intermediate, unrecorded assignments of the mortgage to Fannie Mae and New Century, which were not included in the certification. Compl. ¶¶ 121-22. Identical arguments have been rejected. Modica v. U.S. Bank, N.A., No. 16-cv-12565, 2017 WL

11

3725976, at *3 (D. Mass. Aug. 29, 2017) (holding that even if intermediate transfers did occur but were not recorded, plaintiff had no claim under the regulation); Johnson, 2016 WL 5109510, at *5. The applicable regulation, 209 Mass. Code Regs. 18.21A(2)(c), requires only that a mortgagor have "received a certification with a chain of title showing the foreclosing party's basis for asserting the right to foreclose." Johnson, 2016 WL 5109510, at *5. The chain of recorded assignments provided to Plaintiff here was sufficient. See id.

### III. **Count III – Slander of Title**

Plaintiff next argues that U.S. Bank, as Trustee slandered her title by recording false assignments of the mortgage with the Registry of Deeds. Compl. ¶ 133. A slander of title claim requires the defendant to have maliciously made a false statement that causes some injury to the plaintiff. Rice v. Santander Bank, N.A., 196 F. Supp. 3d 146, 156 (D. Mass. 2016). Where, as here, the defendant holds a mortgage through a series of valid assignments, that defendant makes no false statement by recording title. See Modica, 2017 WL 3725976, at *4 (dismissing slander of title claim as "wholly derivative" of failed declaratory judgment claim); Cullen v. U.S. Bank Trust, N.A., No. 16-cv-12641, 2017 WL 3634089, at *3 (D. Mass. July 12, 2017); Johnson, 2016 WL 5109510, at *5.

12

Even if the 2011 assignment that erroneously listed MERS "as nominee" is seen to be a false statement, there is nothing in the complaint to suggest that it was recorded with malice. Indeed, the error was acknowledged and corrected in 2013.

**IV. <u>Count IV – Trespass and Theft of Personal Property</u>**

Plaintiff avers that the amount in controversy under Count IV is $30,286.40. Docket No. 15 ¶ 5. This alone is insufficient to sustain subject-matter jurisdiction under 28 U.S.C. § 1332. In light of the dismissal of all other counts, the Court remands the matter to Dukes County, from which it was removed, pursuant to 28 U.S.C. § 1447(c).

**V. <u>Sanctions</u>**

It is a bedrock principle of our legal system that attorneys may in good faith argue that previous cases were decided incorrectly. There comes a time, however, when "legal contentions" no longer constitute "nonfrivolous argument[s] for extending, modifying, or reversing existing law." Fed. R. Civ. P 11(b)(2). Mr. Russell, that time has come.

The convoluted complaint and equally tortuous brief in opposition to the motion to dismiss rehash arguments that have been consistently rejected by this Court and the First Circuit. Mr. Russell has served as counsel of record on *fifteen* cases, cited throughout this opinion, in which he advanced one or more of the same theories now before the Court and lost. Despite

13

this, Plaintiff's counsel moved for an emergency injunction to prevent foreclosure in Dukes County only four days before the auction was set to take place, and without providing reasonable notice to the adverse party. He also did not inform the state court judge of the adverse caselaw.

Mr. Russell has been repeatedly admonished for his frivolous arguments. See Hayden, 867 F.3d at 224 ("[M]any of the arguments advanced by the Haydens' counsel, who also represented the borrower in Dyer, mirror the arguments that we rejected in Dyer."); Serra, 747 F.3d at 40 ("This argument willfully disregards our holding in Culhane . . . ."); Rosenberg, 207 F. Supp. 3d at 114 ("[T]he opaqueness of Rosenberg's factual assertions and the befuddling legal arguments propounded in support of her claims are nothing more than a futile attempt to mask the reality that her case is not distinguishable."); Perreira, 2016 WL 6963032, at *2 ("The First Circuit has chided Plaintiffs' attorney for this argument in the past." (citing Serra, 747 F.3d at 40)).

Mr. Russell's efforts waste not only his own clients' resources, but also those of opposing parties and the Court, which must try to make sense of the incomprehensible arguments. If he chooses to push these theories up the bluff again, he does so at the risk of Rule 11 sanctions and referral to the Board of Bar Overseers.

**ORDER**

The Court **ALLOWS** Defendants' motion to dismiss Counts I-III (Docket No. 6) and **REMANDS** Count IV to the Dukes County Superior Court.

SO ORDERED.

/s/ PATTI B. SARIS            .
Hon. Patti B. Saris
Chief U.S. District Judge
